■ DENNIS WACHOB, Appellant, v JOHN BOVE, Respondent. [609 NYS2d 867] —Appeal from an order of the Supreme Court (Brown, J.), entered May 6, 1993 in Saratoga County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

We affirm. Supreme Court properly granted defendant's summary judgment motion in this breach of contract action stemming from an agreement between the parties whereby defendant was to purchase property owned by plaintiff. However, this agreement was conditioned upon plaintiff satisfying all liens on the property and defendant obtaining certain financing for the sale. When the time for closing arrived and these conditions were apparently not met, defendant refused to close title, thus prompting the commencement of this suit by plaintiff and the bringing of the subject motion by defendant. In our view, plaintiff failed in his burden in opposing such a motion to offer admissible proof sufficient to raise a triable question of fact on the issue of whether the contract conditions had in fact been satisfied.

Cardona, P. J., Mikoll, Crew III and Weiss, JJ., concur. Ordered that the order is affirmed, with costs.

■ In the Matter of the Claim of BERTHA M. MADISON, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [607 NYS2d 193] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 1, 1992, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

The record contains substantial evidence to support the Board's determination that claimant was discharged for misconduct from her position as a hotel housekeeper for refusing a work assignment without good cause. It is well settled that a claimant's refusal to work or perform prescribed duties, in direct disregard of an employer's reasonable instructions, constitutes misconduct. In this case, the Board was entitled to credit the employer's witnesses who testified that claimant refused to work at one location simply because she preferred another. The Board was also free to disbelieve claimant's alternative explanation for her actions.

Cardona, P. J., Mikoll, White, Casey and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.